## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSICA RENTZ, | ) | |
| | ) | Case No.    2:15-cv-11513 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| STELLAR RECOVERY, INC., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, JESSICA RENTZ, by and through her attorneys, and for her Complaint against the Defendant STELLAR RECOVERY, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4.      Plaintiff is an individual who was at all relevant times residing in Dearborn Heights, Michigan.

5.      On information and belief, Defendant is a corporation of the State of Florida, which is licensed to do business in Michigan, and which has its principal place of business in Jacksonville, Florida.

## FACTS COMMON TO ALL COUNTS

6.      On February 26, 2015, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Eastern District of Michigan, Case No. 15-42773-wsd.

7.      Plaintiff listed Defendant in Schedule F of her bankruptcy petition.

8.      Because Defendant was listed in Plaintiff's bankruptcy petition, Defendant received notice of Plaintiff's bankruptcy case by reason of United States First Class Mail sent by the Bankruptcy Noticing Center.

9.      During or about the beginning of March 2015, Defendant began placing telephone calls to Plaintiff's cellular telephone in an attempt to collect the aforementioned alleged debt, which was included in Plaintiff's bankruptcy filing.

10.     Said telephone calls were placed to Plaintiff by Defendant on dates which include, but not limited to, the following (i.e. this list not intended to be exhaustive; additional calls were placed by Defendant to Plaintiff on dates other than those listed below):

a.      March 4, 2015;
b.      March 11, 2015;
c.      March 13, 2015;
d.      March 18, 2015;
e.      March 24, 2015;
f.      March 25, 2015;
g.      March 27, 2015;
h.      March 30, 2015;
i.      March 31, 2015;
j.      April 1, 2015; and
k.      April 3, 2015.

11.     During said communications, Plaintiff either spoke to an employee, agent and/or representative of Defendant, or received an automated message from Defendant.

**COUNT I**

12.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 above as if reiterated herein.

13.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

14.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

15.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

16.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

17.     As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

18.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

19.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 17 above as if reiterated herein.

20.    Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

WHEREFORE, Plaintiff prays for the following relief:

a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

4

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

21.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 17 above as if reiterated herein.

22.     Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

23.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 17 above as if reiterated herein.

24.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT IV

25.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 17 above as if reiterated herein.

26.    Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.     Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

27.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 17 above as if reiterated herein.

28.     Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.     Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.     Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

29.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 17 above as if reiterated herein.

30.     Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b.     Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3); and

d.     Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

31.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 above as if reiterated herein.

32.     Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

33.     Defendant is a "person" as defined in 47 U.S.C. § 153(39).

34.     On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

35.     On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

36.   On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

37.   Plaintiff did not give Defendant their express consent, invitation or permission to contact them using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact them in this manner was terminated and revoked.

38.   Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

39.   Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

40.   The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

41.   As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a.        Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

    b.        Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

    c.        Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d.        Any other relief deemed appropriate by this Honorable Court.

**COUNT VII**

42.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 11 and 32 through 39 above as if reiterated herein.

43.    The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

44.    As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a.        Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

b.      Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

c.      Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

JESSICA RENTZ

By:     /s/ Morris B. Lefkowitz
        Attorney for Plaintiff

Morris B. Lefkowitz
Michigan Attorney No. P31335
Allen Chern Law PLLC
24100 Southfield Road, Suite 203
Southfield, MI 48075
Phone: (248) 569-0180
Fax: (248) 559-0175
morrie@lefkowitzlawgroup.com